DEBORAH M. SMITH
Acting United States Attorney

RETTA-RAE RANDALL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: rettarae.randall@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                             )<br>                      Plaintiff,          )<br>                                                             )<br>          vs.                                          )<br>                                                             )<br>THOMAS R. AUSTIN,                     )<br>                                                             )<br>                      Defendant.      )<br>_____ ) | No. 3:05-cr-0111-RRB<br><br>**<u>SENTENCING</u>**<br>**<u>MEMORANDUM OF THE</u>**<br>**<u>UNITED STATES</u>** |

      The United States files with the court its sentencing memorandum in the above captioned case pursuant to Local Criminal Rule 32.1(d)(1), for the Imposition of Sentence scheduled for March 28, 2006.  The United States has no disagreements with the final revised presentence report dated March 13, 2006.

## I. OFFENSE CONDUCT

During 2002, THOMAS R. AUSTIN (AUSTIN), a Laboratory Technician with Alyeska Pipeline Service Company (Alyeska) in Valdez, Alaska, falsified laboratory data provided to the U.S. Environmental Protection Agency (EPA) under Alyeska's National Pollution Discharge Elimination System (NPDES) permit. Specifically, on March 24, 2002, AUSTIN manipulated data to hide the fact that a manual integration was performed on a Laboratory Control Sample (LCS). Data cannot be reported with a LCS that fails QC (Quality Control) criteria. The official hard copy report for the LCS sample turned in by AUSTIN indicated that the LCS passed criteria. A review of the audit history revealed that a manual reintegration was performed on the sample. When the sample was reprocessed by Alyeska on April 1, 2003, using the correct criteria, it failed to pass QC criteria. As a result, the data from the LCS analysis were unreliable and of unknown quality.

On April 15, 2002, Alyeska provided a Discharge Monitoring Report (DMR) to EPA Region 10 as required under the NPDES Permit. As a result of the aforementioned data manipulation by AUSTIN on March 24, 2002, the response provided by Alyeska for that day was unreliable and questionable. Alyeska should not have reported any data or information for March 24, 2002, because of the manipulations by AUSTIN. If Alyeska would have known about the manipulation of

data, the data for March 24, 2002, would have been determined invalid.

During an interview with the defendant on October 21, 2003, AUSTIN admitted to EPA, OIG Special Agents that he had changed and manipulated data integration parameters in order to get the samples to pass QC criteria and to minimize corrective actions reported to his supervisor.

## II.  ADVISORY SENTENCE CALCULATIONS PURSUANT TO PRESENTENCE REPORT (PSR).

Base Offense Level (2B1.1(a)(2)) ................................... 6

    Abuse of position of trust .................................... +2

    Total ...................................................... 8

Adjustment For Acceptance of Responsibility ......................... -2

Total Offense Level (estimated) .................................... 6

Criminal History Category (estimated) ................................ I

Advisory Sentencing Range ............................. 0 - 6 months

## III.  PLEA AGREEMENT PURSUANT TO 11(c)(1)(A) & (B).

The parties expressly agreed that the Plea Agreement filed in this case was entered into and was to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(A) and (B). This means that the defendant may not withdraw from this agreement unless the United States brings additional charges arising from this

investigation. This also means that the court may accept or reject the recommendations or requests of the parties. Fed. R. Crim. P. 11(e)(2).

## IV. SENTENCING RECOMMENDATION.

AUSTIN has admitted committing the acts in question, although his admissions seek to excuse and minimize his conduct. There were costs to Alyeska Pipeline Company to conduct their own investigation into AUSTIN's actions, and then to implement future preventive measures. The government recommends:

(A) A sentence of three (3) years of probation;

(B) There is no restitution due as a direct result of Mr. Austin's actions;

(C) A fine of $1000; and

(D) A mandatory special assessment in the amount of $100.

RESPECTFULLY SUBMITTED this 16th day of March, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

 s/ Retta-Rae Randall
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: rettarae.randall@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2006,
a copy of the foregoing  was served
electronically on Herbert A. Viergutz,
and was placed at the front desk of the
USAO for Karen M. Brewer
U.S. Probation/Pretrial Services Officer.

s/Retta-Rae Randall